[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12852
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:11-cv-00165-MEF-TFM


C. H. KINSEY,
JANIE L. KINSEY,

                                                            Plaintiffs-Appellants,

versus

WILLIAM KEITH WATKINS,
Hon.,
CLERK, U.S. DISTRICT COURT MONTGOMERY, AL,
U.S. MARSHALS,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(March 12, 2012)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Proceeding pro se, C.H. Kinsey and Janie L. Kinsey ("the Kinseys") sued (1) U.S. District Judge William Keith Watkins, (2) Debra B. Hackett, the Clerk of the U.S. District Court for the Middle District of Alabama, and (3) the "U.S. Marshals." The complaint alleged that Judge Watkins "fail[ed] to carry out his duties" and that, when the Kinseys visited the courthouse to confront Judge Watkins, the Clerk failed to meet with the Kinseys and the U.S. Marshals escorted the Kinseys out of the courthouse. The Kinseys apparently seek $83 million in damages for "tr[e]spass, op[p]ression, malice, negligence, wanton negligence, wanton injuries, wanton act, discrimination, property loss, fraud . . ., actual fraud, deceit, [and] omission."

In a March 22, 2011 order, the magistrate judge determined that the complaint was deficient and directed the Kinseys to file either an amended complaint or a notice that they desired to withdraw their complaint. The Kinseys filed neither and instead submitted a "Jury Trial Demand" stating that they "are willing to present the facts to the judge and the jury." Additionally, the Kinseys filed another complaint, docketed as a separate action, containing identical factual allegations as the first complaint. Each complaint contains only one paragraph of factual allegations, which are identical in both complaints. The second complaint,

filed after the magistrate judge's March 22, 2011 order, also includes a "motion for a trial" and a "letter form" demanding a jury trial and threatening an appeal if no jury trial is granted.

After consolidating the two complaints for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the district court dismissed the complaints under 28 U.S.C. § 1915(e)(2)(B). On appeal, the Kinseys argue that the district court erred by dismissing their claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and that the district court's order was unreasoned and not based on the law.[1]

A federal judge enjoys absolute immunity from a suit seeking damages arising from the judge's actions in his judicial capacity. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). Because the complaint seeks damages arising from Judge Watkins's actions in his judicial capacity, the district court properly concluded that he enjoyed absolute immunity from suit.

We also conclude that the Kinseys' complaints failed to allege facts

---

[1]We review de novo a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). We liberally construe pro se pleadings. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). We may affirm "on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." Rowell v. BellSouth Corp., 433 F.3d 794, 797–98 (11th Cir. 2005) (quotation marks omitted).

sufficient to state a claim against either the Clerk or the "U.S. Marshals." Under the FTCA, the United States waives sovereign immunity and is therefore liable for state-law tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Thus, to state an FTCA claim, the Kinseys must allege facts sufficient to state a claim under the tort law of the state where the conduct occurred, in this case Alabama. See Howell v. United States, 932 F.2d 915, 917 (11th Cir. 1991) (noting that the defendant's liability under the FTCA depended on whether a similarly situated private defendant would be liable for the conduct under the law of Georgia, the place where the allegedly negligent act or omission occurred).

Although the complaint concludes that the defendants are liable for trespass, fraud, negligence, and other state-law tort claims, the only facts alleged in the complaint are that the Kinseys (1) visited the courthouse on September 13, 2010, (2) asked a Clerk's employee to speak with Judge Watkins, and (3) were escorted out of the courthouse by the "U.S. Marshals." These bare allegations fail to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim." Indeed, these bare facts fail even to allege the principal elements of any of the ostensible state-law tort claims listed in the complaint. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554, 127 S. Ct.

4

1955, 1964–65, 167 L. Ed. 2d 929 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotation marks and alteration omitted)).

Despite the magistrate judge's March 22, 2011 order warning them that the complaint was deficient, the Kinseys refused to amend their factual allegations or otherwise seek clarification from the district court.   Accordingly, the district court properly dismissed the complaints under 28 U.S.C. § 1915(e)(2)(B).

**AFFIRMED.**